**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:06CV370**

| | |
|---|---|
| **DIANA DOCKERY,**       ) | |
| )  | |
| Plaintiff,       ) | |
| ) | |
| Vs.       ) | **TEMPORARY** |
| ) | **RESTRAINING ORDER** |
| **DEBRA YOUNG, and THE**       ) | |
| **PRUDENTIAL INSURANCE**       ) | |
| **COMPANY OF AMERICA,**       ) | |
| ) | |
| Defendants.       ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's motion for a temporary restraining order. For the reasons stated in the motion and the complaint, the Court will issue the temporary restraining order without notice to the Defendants.

### I. PROCEDURAL HISTORY AND BACKGROUND

On November 13, 2006, the Plaintiff initiated this action based on federal question jurisdiction. **Complaint to Set Aside Beneficiary Designation, filed November 13, 2006.** The complaint alleges that the

2

Plaintiff was married to the Decedent, Michael Dockery, in excess of twenty years. *Id.* at 1-2. When the Plaintiff and the Decedent divorced, there was included in their divorce decree a requirement that he maintain her as the beneficiary of his Veterans' Group Life Insurance policy with a face value of $50,000. *Id.* The Decedent died on September 14, 2006. *Id.* However, during the last year of his life, the Decedent was romantically involved with the Defendant Debra Young and during the last months of his life, at a time when the Plaintiff alleges the Decedent was incompetent, the Defendant Young submitted a change of beneficiary form for the Decedent's signature. *Id.* at 2. The Decedent, the Plaintiff claims, was unaware of the nature of the document which he may have signed. *Id.* at 2-3. The Plaintiff, and her son by affidavit, allege that after that form was signed, the Decedent assured the Plaintiff that she was, in fact, his beneficiary. *Id.* at **3; Affidavit of Christopher N. Dockery, filed November 13, 2006.** It appears, however, that a change of beneficiary form was submitted to the appropriate authorities naming Defendant Young as the beneficiary.

The Defendant Prudential Insurance Company of America advised the Plaintiff on October 20, 2006, that within 30 days it would pay the proceeds of the life insurance policy to Defendant Young unless it was

restrained from so doing by Court order.  **Motion for Temporary Restraining Order and Preliminary Injunction, filed November 13, 2006**, at 2.

## II.  STANDARD OF REVIEW

In evaluating a request for a temporary restraining order, the Court considers the same factors applied to a motion for a preliminary injunction.  *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411 (4th Cir. 1999).  Those factors are: (1) the likelihood of irreparable harm to the Plaintiff if the temporary restraining order is denied; (2) the likelihood of harm to the Defendants if the relief is granted; (3) the likelihood that the Plaintiff will succeed on the merits in the lawsuit; and (4) the public interest.  *East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir.), *cert. denied*, 543 U.S. 978 (2004).  A temporary restraining order is an extraordinary remedy which involves the exercise of far-reaching powers which are to be used sparingly by a court.  *The Scotts Co. v. United Indus. Corp.*, 315 F.3d 264 (4th Cir. 2002).  However, it may issue in order to maintain the status quo between the parties when the above factors are met.  *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir.

**2003).** "A Rule 65 TRO [temporary restraining order] often functions to preserve the status quo until a court can enter a decision on a preliminary injunction application, while a Rule 65 preliminary injunction is often used to maintain the status quo until a court can enter a final decision granting a permanent injunction or some other final relief." ***United States v. DBB, Inc.,*** **180 F.3d 1277, 1282 n.5 (11th Cir. 1999);** ***Warner Bros., Inc. v. Dae Rim Trading, Inc.,*** **877 F.2d 1120, 1124-25 (2d Cir. 1989) (The function of a TRO is to maintain the status quo until a full review of the facts and legal arguments is available.).**

### III.  DISCUSSION

The Plaintiff seeks to maintain the status quo until it is determined whether she or Defendant Young is entitled to the proceeds of the life insurance policy. Defendant Prudential has declined to withhold making payment of the proceeds absent a court order. The Court finds that the action is similar to that of an interpleader as relates to Defendant Prudential.

Under the unique facts of this case, the Court finds that a temporary restraining order is warranted. If payment is made of the proceeds to

5

Defendant Young prior to an adjudication of the parties' respective rights, she could easily make any recovery thereof impossible. And, while monetary damages alone do not usually warrant such drastic relief, in this case, the payment of the proceeds will effectively frustrate the object of the litigation. The Court, therefore, finds that no party will be harmed by the restraint of the payment while the Plaintiff could be ultimately harmed beyond relief by the payment thereof.[1] Moreover, if the Plaintiff proves that the Decedent either did not sign the change of beneficiary form or did so at a time when he was not competent to do so, then she would prevail in the action. Moreover, even if the beneficiary was appropriately changed, the Plaintiff has a contractual right, based on her divorce decree, to assert against the proceeds of the policy. The public interest is always served by having contracts, such as divorce decrees, upheld.

Technically, this order is not issued without notice to the Defendants, both of whom have been contacted through counsel by the Plaintiff's attorney. Nonetheless, the Court finds that issuing the order without

---

[1] Based on the allegations of the complaint, it would appear quite possible that Defendant Young is judgment-proof.

6

response is warranted based on Prudential's notice that it will issue a check for the proceeds on November 20, 2006.

Normally, security is required upon the issuance of a temporary restraining order. However, this is an unusual case in the sense that one Defendant, Prudential, really has no stake in the matter. As a result, in the event that Prudential should choose to pay the proceeds into the Court, in the nature of an interpleader, the posting of security would be unnecessary. As a result, the Court will provide an opportunity for Prudential to advise the Court of its intentions in this regard prior to requiring the posting of security.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant Prudential Insurance Company of America, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation therewith are hereby **RESTRAINED** from paying to the Defendant Debra Young the proceeds of the life insurance policy at issue in this action.

**IT IS FURTHER ORDERED** that the Defendant Prudential Insurance Company of America shall advise the Court in writing whether it will elect to

make payment into the Court of the proceeds of the life insurance policy on or before ten days from entry of this Order.  Such notice may be given by cover letter addressed to the Clerk of Court accompanied by a check in the amount of the proceeds.

**IT IS FURTHER ORDERED** that pending such notification by the Defendant Prudential Insurance Company of America, the Plaintiff need not provide security for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained.  In the event that the Defendant Prudential Insurance Company of America elects not to make payment into Court, the Plaintiff shall provide security in an amount sufficient to secure the sum of $50,000.00 on or before five days from such notification to the Court.

**IT IS FURTHER ORDERED** that this restraining order shall expire ten days from entry hereof unless on or before November 21, 2006, at 12:00 PM good cause is shown by the Plaintiff for a further ten day extension or unless by the same date and time the Defendant Prudential Insurance Company of America consents that it may be extended for a longer period.

8

**IT IS FURTHER ORDERED** that on or before fifteen days from entry of this Order, the Defendants shall file response to the motion for a preliminary injunction.

**IT IS FURTHER ORDERED** that the Clerk of Court shall calendar this matter for a hearing after the responses are filed unless the parties waive any hearing on the motion.

**IT IS FURTHER ORDERED** that the Plaintiff shall personally serve the Defendants with this Order and shall file proof thereof with the Court.

**ENTERED BY THE COURT AT 3:00 PM.**

Signed: November 14, 2006

_____
Lacy H. Thornburg
United States District Judge