IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV370

| | |
|---|---|
| DIANA DOCKERY, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>DEBRA YOUNG, and THE )<br>PRUDENTIAL INSURANCE )<br>COMPANY OF AMERICA, )<br>)<br>Defendants. )<br>)<br>And )<br>)<br>THE PRUDENTIAL INSURANCE )<br>COMPANY OF AMERICA, )<br>)<br>Third-Party Plaintiff in )<br>Interpleader, )<br>)<br>Vs. )<br>)<br>CHRISTOPHER MICHAEL DOCKERY, )<br>Individually and as co-executor of )<br>the Estate of Michael E. Dockery; )<br>CHRISTA LEIGH KELLY, f/k/a )<br>Christa Leigh Dockery, individually )<br>and as co-executrix of the Estate of )<br>Michael E. Dockery; D.D., a minor; )<br>and C.K., a minor, )<br>)<br>Third-Party Defendants in )<br>Interpleader. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on motion of Defendant Prudential Insurance Company of America for an order and injunction in interpleader, appointment of guardian ad litem, and to dismiss.

## I.  BACKGROUND AND PROCEDURAL HISTORY

This case has previously been the subject of one Order from this Court.  Accordingly, the undersigned shall defer to its previous factual summation of the case and recite only the facts pertinent to disposition of the present motions.  *See,* **Temporary Restraining Order, filed November 14, 2006, at 1-3.**

Plaintiff Diana Dockery filed this action to determine the rightful beneficiary to the life insurance policy proceeds of her former husband, the decedent Michael Dockery.  Following this Court's issuance of a Temporary Restraining Order enjoining Defendant Prudential Insurance Company ("Prudential") from paying to Defendant Debra Young the proceeds of the disputed life insurance policy, Prudential deposited the proceeds of said insurance policy with the Court in the sum of $50,482.74.  **Prudential's Deposit in Interpleader, filed December 11, 2001.**  Prudential simultaneously filed a third-party complaint in interpleader

joining the decedent's biological children, Christopher Michael Dockery ("Christopher")and Christa Leigh Kelly ("Christa"), as well as Christopher's minor child, D.D., and Christa's minor child, C.K., whom Prudential deemed were necessary parties to this litigation. **Prudential's Answer, and Counterclaim, Crossclaim and Third Party Claim in Interpleader, filed December 11, 2006, at 4-8.** According to Prudential, the reason for joining these parties was a letter of protest jointly written by Christopher and Christa, co-executors of the decedent's estate, to Prudential stating it was their belief that the decedent intended to divide the proceeds from the disputed insurance policy between the Plaintiff and the two aforementioned minor children. **Prudential's Brief in Support of Motion for Order and Injunction in Interpleader, Appointment of Guardian Ad Litem, and Dismissal, filed December 11, 2006, at 2-3, 6; Exhibit B,** *attached to* **Prudential's Motion for Order and Injunction in Interpleader, Appointment of Guardian Ad Litem and Dismissal, filed December 11, 2006.** Because of this letter, Prudential believed the aforementioned parties would make a claim on the disputed insurance proceeds at some point and should, therefore, be joined to this case. **Prudential's Answer,** *supra***, at 6.** Additionally, because of the anticipated claim for the

insurance proceeds by the minor children, Prudential requests this Court appoint a Guardian Ad Litem for the minor children.  **Prudential's Motion for Order and Injunction in Interpleader**, *supra*, **at 3-4.**  Finally, Prudential requests this Court dismiss it completely from this case and to enjoin the parties from initiating further proceedings against Prudential regarding this disputed insurance policy.  *Id.* **at 2.**

Plaintiff has no objection to the dismissal of Prudential.  **Plaintiff's Response, filed December 21, 2006, at 1.**  Plaintiff does, however, object to Prudential's request to enjoin all parties against filing additional lawsuits against Prudential regarding the disputed insurance policy.  *Id.* **at 1-2.**  Plaintiff also objects to Prudential's interpleader of Christopher, Christa, and the two minor children D.D. and C.K., and further opposes the appointment of a Guardian Ad Litem for the minor children.  *Id.*

Christopher and Christa have jointly responded to Prudential's motions by objecting to the interpleader which adds them and their minor children to this lawsuit, and further object to the appointment of a Guardian Ad Litem for their children.  **Christopher and Christa's Response to Prudential's Third Party Claim, filed January 30, 2007, at 3-4.**  Christopher and Christa assert Prudential's third party complaint against

them "fails to state a cause of action for which relief can be granted" because neither of the interplead parties "have or are making a claim of entitlement to the proceeds of the [disputed] life insurance policy . . . for themselves or their children." *Id.* at 3. Specifically, Christopher and Christa state the letter of protest which led to Prudential interpleading these parties was sent as notice of a possible claim for their children to the decedent's insurance policy. *Id.* However, they state that they misunderstood the exact dollar amount involved in the insurance policy; had they known the correct amount, the letter of protest asserting their children's claim would not have been sent. *Id.* They explain,

> [i]t has been and remains the position of [Christopher and Christa] that their father intended for $50,000.00 from the aforementioned policy to be paid to their mother. It was only if [the proceeds] exceeded $50,000.00 that [Christopher and Christa] believed their children were entitled to any proceeds. Having learned that the benefits from the aforementioned policy do not exceed $50,000.00, [Christopher and Christa] make absolutely no claim to benefits from such policy either for themselves or their children. As such, the letter of protest as attached as Exhibit B to [Prudential's] Third Party Claim is inapplicable to the aforementioned policy.

*Id.* Because they argue their joinder to this case was unnecessary, Christopher and Christa request the Court award any and all costs,

including attorney's fees, to be paid by Prudential for their involvement in this case. *Id.* at 4.

## II. ANALYSIS

The Federal Rules of Civil Procedure allow a party to make a motion to dismiss a claim asserted against them for "failure to state a claim upon which relief can be granted." **Fed. R. Civ. P. 12(b)(6).** Further, the Rules also allow a court to dismiss an action "upon order of the court and upon such terms and conditions as the court deems proper." **Fed. R. Civ. P. 41(a)(2).** Finally, a party requesting attorney's fees "shall" file a "motion" which "must specify the judgment and statute, rule or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought." **Fed. R. Civ. P. 54(d)(2)(A), (B).**

Although Christopher and Christa have made no specific motion to dismiss Prudential's third party complaint against them, the undersigned finds the language used in their responsive pleading constitutes a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.* at 3 **("The Complaint fails to state a cause of action for which relief can be**

**granted in connection with [Christopher, Christa,] D.D. and C.K. . . . .").** Because Prudential's primary reason for joining these parties was a letter of protest sent by Christopher and Christa which has now been expressly withdrawn by the original senders, there remains absolutely no reason for these parties' continued participation in this lawsuit and the motion will be granted; Prudential's motion to appoint a Guardian Ad Litem for the minor children will be denied as moot. Finally, the Court will deny without prejudice Christopher and Christa's request for attorney's fees, as such motion requires much more than a single sentence and the Court refuses to conjure a claim for Christopher and Christa's request. **Fed. R. Civ. P. 54(d)(2)(B).**

As stated previously, Plaintiff does not object to the dismissal of Prudential from the present lawsuit. **Plaintiff's Response, filed December 21, 2006, at 1.** Because Prudential has deposited the proceeds from the disputed insurance policy with the Court, and because the only remaining dispute is between Plaintiff and Defendant Young, the Court finds dismissal of Prudential from the present action is appropriate under Federal Rule of Civil Procedure 41(a)(2). However, certain factual disputes may arise which compel Prudential's voluntary or involuntary

involvement once again to resolve this matter. Accordingly, the Court will dismiss Prudential from the present lawsuit without prejudice, and will not grant injunctive relief which would prohibit all parties from asserting further claims against Prudential regarding the presently disputed insurance policy.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the Prudential Insurance Company of America's third party complaint in interpleader against Christopher Michael Dockery, Christa Leigh Kelly, as well as the minor children D.D. and C.K. is hereby **DISMISSED;** Prudential's corresponding motion to appoint a Guardian Ad Litem for the minor children D.D. and C.K. is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Christopher Dockery's and Christa Kelly's motion for attorney's fees is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Prudential's motion to dismiss is **ALLOWED** and Prudential is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Prudential's motion for an injunction is **DENIED WITHOUT PREJUDICE.**

9

Signed: April 24, 2007

Lacy H. Thornburg
United States District Judge