IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV370

| | |
|---|---|
| DIANA DOCKERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DEBRA YOUNG, and THE ) | |
| PRUDENTIAL INSURANCE COMPANY) | |
| OF AMERICA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the motion in *limine* of

Defendant Debra Young and Plaintiff's response thereto. **See Defendant**

**Debra Young's Motion in Limine, filed February 26, 2008; Plaintiff's**

**Response to Defendant's Motion in Limine, filed February 27, 2008.**[1]

---

[1] Counsel for the parties are reminded of the Local Rules of this Court which provide that "[p]age limits, font sizes, spacing, and other formatting requirements are governed by the Standing Civil Order of the judge to whom the case is assigned." **LCvR 7.1(D).** The Standing Civil Order for this Court provides that all motions and briefs filed "shall be double spaced." **See** http://www.ncwd.uscourts.gov/Documents/Forms/LHTStdgOrder.pdf.

Plaintiff filed a complaint seeking to set aside a change in beneficiary designation executed on July 7, 2006, by her ex-husband, Michael Dockery ("Decedent").  **Complaint, filed November 13, 2006.**  For the purpose of ruling on this motion all factual allegations pleaded in Plaintiff's complaint are taken as true.  Plaintiff and Decedent were married for over 20 years.  While married, Decedent served as a member of the Air Force and during his service he received a Veteran's Group Life Insurance policy ("the policy") through the Department of Veteran's Affairs and named Plaintiff, his then wife, as beneficiary of the $50,000 policy.  *Id.* **¶¶ 8-9.**  Plaintiff remained the beneficiary during their 20-year marriage.  Plaintiff and Decedent divorced on August 21, 1996, and later entered into a consent judgment that settled pending claims for equitable distribution.  **Consent Judgment, filed February 26, 2008, at 1**.  In the Consent Judgment, filed on November 24, 1997, in the General Court of Justice, District Court Division of Buncombe County, North Carolina, the parties agreed that Decedent would continue Plaintiff as the sole beneficiary on his policy until her death and this was made an order of the court.  *Id.* **at 5**, **7-8.**  Plaintiff remained sole beneficiary of Decedent's policy until July 7, 2006, when Decedent signed a form changing his designation of beneficiary.  Decedent

removed Plaintiff as beneficiary and designated Defendant Debra Young as the sole beneficiary of the $50,000 policy.  **Complaint,** *supra***, ¶¶ 22, 25**.

Decedent and Defendant had been romantically involved for the final years of Decedent's life and Defendant worked in the office of Decedent's business. *Id*.  Defendant and Decedent lived together throughout the summer of 2006; however, in June 2006, Decedent began to drink substantial quantities of alcohol and began to experience serious mental and physical problems.  As a result, he relied on Defendant to handle the day-to-day operations of his business and to manage his personal and financial affairs.  *Id***. ¶¶ 13-20.**  Defendant's new responsibilities included handling all legal documents and paperwork in Decedent's office.  *Id*. **¶¶ 11-14.**  Defendant began to restrict Decedent's family from seeing him throughout the summer of 2006.  *Id***. ¶ 20**.

In April 2006, Decedent informed Plaintiff that she was still listed as beneficiary of the $50,000 insurance policy and she would remain so because this was required under the terms of their divorce decree.  *Id***. ¶ 21; *see* Consent Judgment,** *supra***.**  On July 14, 2006, Decedent visited friends and family in Cherokee, North Carolina, and informed several

individuals that Plaintiff was still listed as beneficiary on the $50,000 policy and Decedent made no mention of Defendant being a beneficiary of the policy or of the change in beneficiary form signed on July 7, 2006. **Complaint,** *supra,* **¶ 23.** Plaintiff alleges that Decedent did sign the change of beneficiary form, but that Defendant misrepresented to Decedent what he was signing, that Decedent lacked the requisite mental capacity to execute the beneficiary designation on July 7, 2006, or alternatively, that Decedent's signature was procured through the undue influence of Defendant. *Id.* **¶ 25-28.** Decedent died September 14, 2006, and on October 20, 2006, Plaintiff learned that Prudential Insurance Company planned to pay the benefits of the $50,000 policy to Defendant in accordance with the beneficiary designation executed on July 7, 2006. *Id.* **¶¶ 6, 29.**

Defendant filed a motion in *limine* seeking to exclude any evidence of the contents of the consent judgment or the fact of the signing of that judgment by Decedent. **Defendant's Motion, at 2.** Defendant argues under federal law and regulations pertaining to veteran's insurance policies, such as the policy at issue, that "Buncombe County District Court had no jurisdiction to restrict in any manner the [D]ecedent's choice of a

beneficiary" and that evidence of the consent judgment does not tend to prove whether Decedent "signed the beneficiary designation form as a result of undue influence or duress, or that he lacked mental capacity to sign that form." *Id.* Defendant contends admission of the evidence of Decedent's signing the form, even if relevant, would lead to unfair prejudice to Defendant, confusion of the issues, and mislead the jury, and that the evidence should be excluded pursuant to Fed. R. Evid. 403. *Id*. **at 2.** Defendant cites no authority for her argument, but did provide a case during the Court's pretrial conference attended by opposing counsel. **See** *Ridgway v. Ridgway*, **454 U.S. 46 (1981).**

In that case, the Supreme Court held that a constructive trust imposed by a state court on the proceeds from a life insurance policy issued by the Servicemen's Group Life Insurance Act (SGLIA) was invalid because it was inconsistent with the governing federal law. *Id.* **at 57-58.** The decedent had agreed as part of a divorce decree to keep his SGLIA policy in force for the benefit of his three children. *Id*. **at 48**. He later remarried and changed the SGLIA policy to provide that the proceeds be paid according to the law which, according to the federal statute, provided that his widow would receive payment. *Id.* After the decedent's death,

both his former wife, April, and surviving spouse, Donna, filed claims for the insurance policy. April instituted suit against Prudential Insurance Company on behalf of her three children. *Id*. at 49. Donna joined in the suit and asserted a claim to the proceeds under the insurance policy. *Id*. The Superior Court of Maine acknowledged the divorce decree and noted "the terms of the divorce judgment and terms of the beneficiary designation were inconsistent." *Id*. In rejecting April's claim for a constructive trust, that court held the Supremacy Clause prevented enforcement of a state imposed constructive trust on the proceeds in favor of the three children. *Id.* On appeal, the Maine Supreme Court remanded to the lower court and ordered that Donna be named as constructive trustee over the proceeds for the benefit of the three children. *Id*. at 49-50. In reversing the Maine Supreme Court, the U.S. Supreme Court held that the provisions of the federal law governing the SGLIA prevailed over inconsistent state law. *Id.* **at 60-61.**

In an unpublished decision, the Fourth Circuit addressed an issue similar to that in *Ridgway*. **See McDaniel v. McDaniel, 911 F.2d 723 (table), 1990 WL 116620 (4th Cir. 1990).** The McDaniels' divorce decree provided that the decedent would keep the plaintiff ex-wife as beneficiary

until she "dies or remarries, and so long as it remains available to him through his employment." *Id.* **at \*1.** The decedent remarried shortly after the Virginia divorce decree became final and promptly made his new wife, the defendant, the beneficiary of the insurance policy. The policy at issue in *McDaniel* was likewise covered by controlling federal law that preempted contrary or inconsistent state law. After decedent died, the defendant applied for and was paid the proceeds from the contested insurance policy. Plaintiff filed suit against the defendant and decedent's estate on various state law grounds such as breach of contract, fraud, conversion, and unjust enrichment. The Fourth Circuit upheld the district court's determination that the change of beneficiary was governed by federal law and any effort to seek relief in state court to enforce the provisions of the state divorce judgment must fail. *Id.*

*Ridgway* and *McDaniel* are distinguishable from the instant case and do not apply to same. In neither her complaint nor in subsequent filings has the Plaintiff asked this Court to enforce the state court divorce judgment and thus hold invalid the change in beneficiary. **See Plaintiff's Response to Defendant's Motion; Plaintiff's Trial Brief, filed February 27, 2008.** Plaintiff does properly contend, however, that the consent

judgment is relevant to her claims that Decedent lacked mental capacity to sign the change of beneficiary form, that Defendant exerted undue influence over Decedent or that Defendant misrepresented the beneficiary designation to Decedent.  **Plaintiff's Trial Brief,** *supra***, at 3-4.** The Court finds that the consent judgment is relevant to the issues presented in this case and may be offered on the issues of Decedent's mental capacity, undue influence, and misrepresentation.  Although the parties have not yet submitted proposed jury instructions, the Court will consider any proposed limiting instructions to the jury to explain the express purpose for which the consent judgment or testimony concerning the judgment may be received and considered.

**IT IS, THEREFORE, ORDERED** that Defendant's motion in *limine* is **DENIED.**

Signed: February 27, 2008

Lacy H. Thornburg
United States District Judge